FILED

JAN 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN MARIE HOWELL,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>CHRISTOPHER DAVID BOYLE and CITY OF BEAVERTON,<br><br>　　　　　Defendants - Appellants. | No. 09-36153<br><br>D.C. No. 3:08-cv-00727-KI<br><br><br>MEMORANDUM[*] |
| JEAN MARIE HOWELL,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CHRISTOPHER DAVID BOYLE and CITY OF BEAVERTON,<br><br>　　　　　Defendants - Appellees. | No. 10-35038<br><br>D.C. No. 3:08-cv-00727-KI |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

---

[*] 　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 6, 2010
Portland, Oregon

Before: PAEZ and CLIFTON, Circuit Judges, and BURNS,[**] District Judge.

In No. 09-36153, Appellants Boyle and the City of Beaverton argue that the district court erred when it ruled that the statutory damages cap in the Oregon Tort Claims Act, Or. Rev. Stat. section 30.270(1) (2007), *repealed by* Or. Laws 2009, c. 67, § 20, was unconstitutional as applied to this case and awarded Howell damages in excess of half a million dollars. In No. 10-35038, Howell cross-appealed and argues that the district court erroneously interpreted Or. Rev. Stat. section 801.220 when it approved jury instructions stating that an unmarked crosswalk extended diagonally across a highway and admitted a trial exhibit so depicting the location of the crosswalk. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in No. 10-25038. In a separate order filed concurrently with this memorandum, we certified to the Oregon Supreme Court several state constitutional questions, and we withdrew that appeal from submission pending certification.

Section 801.220 states that an unmarked crosswalk extends across a roadway along "[t]he prolongation of the lateral lines of the sidewalk" to the sidewalk on the

---

[**] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

2

opposite side of the street. The district court ruled that the unmarked crosswalk in this case extended across the highway at the same angle that the intersecting sidewalk approached the highway. We interpret the statute as would the Oregon Supreme Court. *Planned Parenthood of Id., Inc. v. Wasden*, 376 F.3d 908, 930 (9th Cir. 2004). We conclude that the district court's ruling was consistent with the unambiguous text of section 801.220, which locates the unmarked crosswalk in the area bounded by lines extending from the lateral lines of the intersecting sidewalk. *See State v. Gaines*, 206 P.3d 1042, 1050-51 (Or. 2009) (adopting a three step process for statutory interpretation beginning with an examination of the text and context of the statute). The district court did not err in its interpretation of section 801.220.

AFFIRMED.

No petition for rehearing shall be filed and the mandate shall not issue until the court files a disposition in No. 09-36153.